UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICHARD JONES,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　CAUSE NO. 3:21-CV-963 DRL-MGG

ROBERT LANDGRAF, JR., *et al.*,

    Defendants.

## OPINION & ORDER

Richard Jones sued Robert Landgraf, Jr., the city attorney of Niles, Michigan, and the Niles City Council alleging violations of his civil rights. Robert Landgraf and the Niles City Council moved to dismiss the complaint for lack of personal jurisdiction, or alternatively improper venue. The court now grants the motion to dismiss.

## BACKGROUND

Mr. Jones brings various constitutional claims against Mr. Landgraf and the Niles City Council.[1] He alleges various constitutional violations related to a property foreclosure in Michigan, which he says occurred without due process or equal protection and was motivated by racial animus [ECF 1 at 2-3]. Mr. Landgraf, the Niles City Attorney, resides in Michigan, is licensed to practice law in Michigan, and maintains his law office in Niles, Michigan [ECF 5-2 at 2]. The City of Niles is a municipal corporation, incorporated under the laws of Michigan, and all members of the city council live in Niles, Michigan [ECF 5-3 at 3].

---

[1] Contrary to local rules, Mr. Jones did not use designated *pro se* complaint form for claims arising under 42 U.S.C. § 1983. *See* N.D. Ind. R. 7-6.

STANDARD

A motion to dismiss under Rule 12(b)(2) tests the court's ability to exercise its power over a defendant, also called the court's personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of proving personal jurisdiction over the defendant. *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 (7th Cir. 2000). When a Rule 12(b)(2) motion is decided based on the submission of written materials, the plaintiff must make a "prima facie case for personal jurisdiction." *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010); *see also Curry v. Revolution Labs, LLC*, 949 F.3d 385, 393 (7th Cir. 2020); *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003); *Cent. States*, 230 F.3d at 876. "[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue*, 388 F.3d at 783. Factual disputes are resolved in favor of the plaintiff. *See id.* at 782.

Further, a party may move for dismissal of an action that is filed in an improper venue. *See* Fed. R. Civ. P. 12(b)(3). "Where one party makes a bald claim of venue and the other party contradicts it, a district court may look beyond the pleadings to determine whether the chosen venue is appropriate." *Deb v. SIRVA, Inc.*, 832 F.3d 800, 809-10 (7th Cir. 2016). Under this rule, "the district court assumes the truth of the allegations in the plaintiff's complaint, *unless* contradicted by the defendant's affidavits." *Id.* at 809 (emphasis in original).

DISCUSSION

A. *The Court Lacks Personal Jurisdiction Over Mr. Landgraf and the Niles City Council.*

To resolve a case on its merits, this court must have personal jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) ("Jurisdiction to resolve cases on the merits requires . . . authority . . . over the parties (personal jurisdiction), so that the court's decision will bind them."). "[I]n light of the difficulties of the *pro se* litigant in mastering the procedural and substantive

2

requirements of the legal structure," *Caruth v. Pinkney*, 683 F.2d 1044, 1050 (7th Cir. 1982), the court's goal is to give *pro se* filings "fair and meaningful" consideration, *see Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 858 (7th Cir. 2011). Though true that "*pro se* filings are held to less stringent standards than formal pleadings drafted by lawyers," *id.* (quotation omitted), once jurisdiction has been challenged, the burden for establishing it rests on the plaintiff, *Purdue*, 338 F.3d at 782.

A federal court has personal jurisdiction over a defendant either when the defendant would be "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located," or "when authorized by federal statute." Fed. R. Civ. P. 4(k)(1); *see also Kinslow v. Pullara*, 538 F.3d 687, 690 (7th Cir. 2008). The statute that allows a citizen to sue for a deprivation of constitutional rights, 42 U.S.C. § 1983, does not independently authorize personal jurisdiction so the court must look to the laws of the forum—Indiana, *see Kinslow*, 538 F.3d at 690.

A court in Indiana can exercise personal jurisdiction over an individual or organization "on any basis not inconsistent with the Constitutions of [Indiana] or the United States." Ind. R. Trial P. 4.4(A)(8). This broad provision "reduce[s] analysis of personal jurisdiction to the issue of whether the exercise of personal jurisdiction is consistent with the Federal Due Process Clause." *LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 967 (Ind. 2006). "To comport with federal due process, a defendant must maintain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 590 (7th Cir. 2021) (internal quotations omitted); *see also Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Ultimately, the search for such contacts with the forum state has been divided into two categories of personal jurisdiction: general and specific. *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (explaining how the focus on the defendant's relationship with the forum state has "led to our recognizing two kinds of personal jurisdiction: general . . . jurisdiction and specific . . . jurisdiction"); *Rogers v. City of Hobart*, 966 F.3d 812, 818 (7th Cir. 2021) (same).

1. *General Personal Jurisdiction.*

A court has general jurisdiction over a defendant if his contacts are "so constant and pervasive as to render it essentially at home in the forum State." *Kipp v. Ski Enter. Corp. of Wisconsin*, 783 F.3d 695, 698 (7th Cir. 2015) (quotation omitted). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011); *cf. Wright v. Illinois Dep't of Child. & Fam. Servs.*, 40 F.3d 1492, 1508-09 (7th Cir. 1994) (citing *Allen v. City of Chicago*, 828 F. Supp. 543, 564 (N.D. Ill. 1993) (city council a corporation for § 1985)). When general jurisdiction exists, the allegations against the defendant "need not relate to the forum State or the defendant's activity there." *Ford Motor Co.*, 141 S. Ct. at 1024.

There is no general personal jurisdiction in this matter. Mr. Landgraf, the Niles City Attorney, resides in Michigan, is licensed to practice law in Michigan, and maintains his law office in Niles, Michigan [ECF 5-2 ¶¶ 2-3, 5]. His affidavit affirms he is a lifelong resident of Michigan, has never been a resident of the state of Indiana, has never had any contact with Mr. Jones in Indiana, and does not conduct business in Indiana [*id.* ¶¶ 5, 7-9]. Niles, a municipal corporation organized under the laws of Michigan, likewise cannot be reasonably said to be at home in Indiana. This is especially true as when the city does not conduct business in Indiana, does not own property in Indiana, and the city council (which includes the mayor and eight council members) is comprised exclusively of Michigan residents [ECF 5-3 ¶¶ 4-8].

Mr. Jones' response focuses on his personal ties with Indiana, but the operative question instead is whether Mr. Landgraf and the city council have ties "so constant and pervasive as to render it essentially at home" in Indiana. *Kipp*, 783 F.3d at 698. Mr. Jones has not presented any evidence to refute Mr. Landgraf and the Niles City Council's affidavits that no such contact exists. General personal jurisdiction is thus lacking.

      2. *Specific Personal Jurisdiction.*

Given that there is no general jurisdiction, this court must decide whether it has specific jurisdiction over Mr. Landgraf and the Niles City Council. To find specific jurisdiction, the court assesses "whether (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Bilek*, 8 F.4th at 590 (quotation omitted); *see also Ford Motor Co.*, 141 S. Ct. at 1025 ("there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation") (quotations omitted). This can also be true for a municipal corporation. *See* 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1109 (4th ed. 2021) (a municipal corporation with minimum contacts to a different state can demonstrate personal jurisdiction). Yet "[t]he question is not whether the plaintiff experienced a particular injury or effect in the forum state but whether the defendant's conduct connects him with the forum in a meaningful way." *Rogers*, 966 F.3d at 819 (citing *Curry*, 949 F.3d at 396).

In this case, the court does not have specific personal jurisdiction over Mr. Landgraf or the Niles City Council because Mr. Jones has not asserted any facts demonstrating that Mr. Landgraf or the council purposefully directed any activities at Indiana that are specific to Mr. Jones' claims. Even viewing Mr. Jones' submissions liberally, other than his residence, there is nothing that connects this dispute with Indiana. Going beyond the pleadings, *see Purdue*, 388 F.3d at 783, Mr. Jones' rental property, the site of the alleged water leak that catalyzed the eventual foreclosure, is in Michigan [ECF 11-1 at 2]. The physical citation lists Mr. Jones' address as Michigan [ECF 11-1 at 14]. Mr. Jones received correspondence regarding maintenance code violations at his address in Michigan [ECF 11-1 at 4]. Mr. Jones was directed to appear in Michigan court in a suit by the City of Niles to enforce the code violations [ECF 11-1 at 21].

Once again, instead of demonstrating Mr. Landgraf and the City Council's minimum suit-related contacts with the forum, Mr. Jones argues that he himself is a resident of Indiana and offers several examples to prove his connections to the state [ECF 15]. It is not, however, Mr. Jones' connections to Indiana that establishes suit-related minimum contacts, but those of Mr. Landgraf and Niles. To establish specific personal jurisdiction, there must be a connection between the defendant, the forum, and the litigation. *See Rogers*, 966 F.3d at 819. Mr. Jones has presented no such connections in this case, so the court thus also lacks specific personal jurisdiction. The case must be dismissed.

B. *The Lack of Personal Jurisdiction Means the Court Cannot Address Other Matters Raised by Mr. Jones.*

Mr. Jones asks the court to address myriad matters, including whether to find that a Michigan state court judge must recuse, whether counsel entered an appearance late (which it wasn't), and a number of issues within four separate "affidavits," through in truth they read as motions. Because the court lacks jurisdiction over the parties, it lacks the power to decide the merits of these requests for relief. *See, e.g.*, *Ruhrgas AG*, 526 U.S. at 577. On the contrary, to render a decision would be a violation of the due process. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (quoting *Int'l Shoe Co.*, 326 U.S. at 319). Accordingly, these requests, insofar as the court construes them as motions, must be denied as moot.

## CONCLUSION

Accordingly, the court GRANTS the motion to dismiss [ECF 4], DISMISSES the case for lack of personal jurisdiction, and DENIES AS MOOT all other motions [ECF 9, 23, 24, 26, 27, 28]. This order terminates the case.

SO ORDERED.

May 3, 2022                                                   *s/ Damon R. Leichty*
                                                                          Judge, United States District Court